## MOORE v. SMITH et al.

(Supreme Court, Appellate Division, First Department. March 7, 1902.)

1. MORTGAGE—FORECLOSURE—RECEIVER—ORDER TO PAY RENTS—CONTEMPT.

Where, in an action to foreclose a mortgage, a receiver is appointed, and an order entered requiring a lessee of the premises "to pay over to such receiver any rents which she may have collected from the monthly tenants for rent accruing since July 1st, 1901," she cannot be adjudged guilty of contempt of such order for not paying over moneys collected for rent which accrued on July 1st.

2. SAME—REPAIRS—EXCUSE.

Where, in an action to foreclose a mortgage, a receiver is appointed, and an order entered requiring a lessee of the premises to pay over to such receiver any rents collected by her from the monthly tenants accruing since a specified date, the fact that she expended the amount so collected in renovating the rooms in the building is no excuse for disobeying such order.

Appeal from special term, New York county.

Proceeding against Lena Vogel, a defendant in an action by Henry S. Moore as executor and trustee under the will of Theron R. Butler,

deceased, against Tillie E. Smith and others, for contempt of court in disobeying an order directing her to pay certain moneys to the receiver. From an order adjudging her guilty, she appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Ralph Nathan, for appellant.

A. Walker Otis, for respondent.

HATCH, J. It was sought by this action to foreclose a mortgage upon the premises No. 57 East 117th street in the city of New York, consisting of a double flat apartment house, five stories in height. After the action was commenced, the plaintiff applied for the appointment of a receiver of the rents of the premises, and by an order duly entered such application was granted and the receiver appointed. The latter immediately notified all of the tenants in the building who paid their rents monthly in advance to make such payments to him. This the tenants refused to do, and the receiver instituted a proceeding in the municipal court to dispossess one of said tenants. When the proceeding came on for hearing, it appeared for the first time that Lena Vogel, who had not then been made a party to the action, was possessed of a lease of the whole premises executed by the defendant owner, dated April 8, 1901, and expiring May 1, 1902, and proof was given tending to show that she had paid rent in advance under the terms of the lease in the sum of $1,750. This lease was not recorded or acknowledged. After the lease had been produced and proven, the receiver discontinued the summary proceeding, and the plaintiff procured an order making the said Vogel a party defendant in the action, and leave was given to serve an amended supplemental summons and complaint upon her. This order was complied with, and the defendant Vogel was duly made a party to the action. Subsequently, she was brought into court upon an order to show cause why the receivership should not be extended so as to embrace the rents collected by her, accruing since July 1, 1901. Upon the return day of this order, Lena Vogel made default. She subsequently applied to have the order set aside for the reason that she had never been served with a copy of the papers or notice to appear in such proceeding. This motion was denied, and she was given leave to make a motion to vacate the order upon the merits, and, upon that motion being heard, the same was denied. From the orders entered upon these respective motions, the defendant did not appeal, and the same now stand in full force and effect. Thereafter the receiver duly demanded of the said Vogel payment to him of all rents which she had collected, accruing in July, 1901. Compliance with this demand was refused, and thereupon a motion was made to punish her for contempt, under a claim of disobedience of the order extending the receivership to the rents collected by her. This motion coming on to be heard, she was adjudged guilty of contempt of the order, and fined the sum of $332.50, being the amount of rents collected by her, and an additional sum of $25, together with $10 costs of the motion. From that order this appeal is taken.

The order which extended the receivership so as to embrace the rents collected by Lena Vogel made provision therefor in these words:

"It is further ordered that said Lena Vogel pay to said receiver any rents of said premises which she may have collected from the monthly tenants for rent accruing since July 1st, 1901."

It is undisputed that, of the rents collected by Lena Vogel, $282.50 were of rents which accrued on the 1st day of July, 1901, and that no rents which accrued thereafter were collected by her, except the sum of $50, and this sum she claimed was expended in renovating the rooms in the building. It is clear, therefore, that, to the extent of $282.50, the order extending the receivership did not embrace such moneys. Its express language was for rents accruing since July 1, 1901. There could be, therefore, no violation of the order so far as these rents were concerned, as they were not covered by its terms, and she could not be adjudged guilty of contempt for refusing to pay over these moneys; for, so far as the terms of the order were concerned, they belonged to her. As to the $50, however, she was clearly in contempt. She was not authorized to collect that sum, as it was of rent which accrued subsequent to July 1, 1901. She was neither justified in receiving it, nor was she justified in paying it out for any purpose. It belonged to the receiver, and the order commanded that she pay it to him. It is quite probable that there was a lack of good faith upon her part in connection with the lease and these premises; but such fact, assuming it to exist, does not justify the imposition of a punishment for the violation of an order which she did not violate.

It follows, therefore, that the order should be modified by deducting therefrom $282.50 of the sum imposed by way of fine, and, as so modified, the order should be affirmed, without costs to either party in this court. All concur.