MOORE et al. v. SMITH et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. FORECLOSURE—CONTEMPT—RECEIVER—PAYMENT OF RENTS.

Defendant was ordered by the court to pay to a receiver rents collected "from the monthly tenants for rent accruing since July 1st." This did not apply to rents collected which became due and payable on that date. A clerk of the receiver made affidavit that he had been informed by the tenants that they had paid rentals to defendant's agent, of which $50 was for rent due August 1st. Defendant's affidavit showed that her agent had previously arranged with some of the tenants to give them the use of the premises during August free. *Held*, that it could be fairly inferred that this $50 was for rent due July 1st, and that defendant was not guilty of contempt.

Appeal from special term, New York county.

Foreclosure proceedings by Henry S. Moore, executor, and others, against Tillie E. Smith and others. Defendant Lena Vogel refused to pay over certain rents under order of court, and from an order adjudging her in contempt she appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Ralph Nathan, for appellant.

A. Walker Otis, for respondents.

LAUGHLIN, J. This is a foreclosure action. On the 28th day of June, 1901, by an order of the special term, a receiver of the rents and profits of the mortgaged premises was duly appointed. It was subsequently discovered that the appellant had a lease of the premises from a former owner of the equity of redemption under date of April 8, 1901. She was made a party defendant by an order of the special term on the 9th day of July, 1901, and was served with a supplemental summons on the 13th of the same month. By an order of the special term, made on the 18th day of July, 1901, upon her default, but upon notice, the receivership was extended to include her interest in the premises and the rents claimed by her, and she was ordered to pay to the receiver any rents of the premises which she may have collected "from the monthly tenants for rent accruing since July 1, 1901," and she was restrained from collecting any further rents. This order has been construed by this court as not requiring her to pay over to the receiver any rents collected which become due and payable on the 1st day of July, 1901. Moore v. Smith (Sup.) 74 N. Y. Supp. 1089. The appellant has been adjudged guilty of contempt for refusing to pay over to the receiver the sum of $257, rents collected by her. It appears that the rents were payable monthly in advance. It is conceded that all of these rents, with the exception of $50, became due and payable on the 1st day of July, 1901, and were collected by her prior to the time she was enjoined from further collecting rents; but it is claimed that $50 thereof is for rents for the month of August, 1901. There is no competent proof in the moving papers on which to base an order for contempt that she collected any of these rents. The proof consists of an affidavit made by a clerk in the office of the agent

of the receiver to the effect that he was informed by the tenants that they had paid rentals, aggregating this amount, to the agent of the appellant; but the affidavits of the tenants were not produced. This affidavit, however, shows that all of such rentals accrued on July 1st, except two items,—one of $48, for rent of "first floor, east side, July 1st to September 1st," and one of $52, for rent "fourth floor, east side, July 1st to September 1st." It is claimed by the respondent that half of each of these two items is for rent for the month of August; but it appears by an answering affidavit that the appellant's agent had previously arranged with some of the tenants, as an inducement for them to remain in the apartments for the following year, to give them the use of the apartments for the month of August free, and the fair inference is that these two items were for the rent due on July 1st for the month of July, and that, pursuant to this arrangement, it was understood that they were to cover the period until September 1st.

It is manifest, therefore, that the appellant was not guilty of contempt, and it follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(74 App. Div. 341.)

### MANHATTAN RY. CO. v. COMSTOCK et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

**1. APPEAL—CONDEMNATION PROCEEDINGS—AWARD OF COMMISSIONERS.**